**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

JOSHUA GAINES,

      Plaintiff,

v.                                  Case No:  6:14-cv-391-Orl-40GJK

ROBINSON AVIATION (RVA),
INC.,

      Defendant.

---

**OMNIBUS ORDER**

This cause comes before the Court on the following matters:

1. Plaintiff's Motion to Dismiss Counterclaim for Failure to State a Claim for Which Relief Can be Granted and Supporting Memorandum of Legal Authority (Doc. 30), filed May, 28, 2014;

2. Defendant Robinson Aviation (RVA), Inc.'s Response to Plaintiff's Motion to Dismiss Counterclaims for Failure to State a Claim for Which Relief Can be Granted (Doc. 33), filed June 13, 2014;

3. Plaintiff's Reply to Defendant's Response to Plaintiff's Motion to Dismiss Counterclaims for Failure to State a Claim for Which Relief Can be Granted (Doc. 44), filed July 8, 2014;

4. Defendant Robinson Aviation (RVA), Inc.'s Motion for Partial Judgment on the Pleadings Pursuant to Rule 12(c) and, in the Alternative, Motion to Dismiss Pursuant to Rule 12(b)(6) on Plaintiff's Claim on Behalf of the Surviving Mother and Memorandum of Legal Authority in Support (Doc. 50),

filed September 16, 2014;

5. Defendant Robinson Aviation (RVA), Inc.'s Motion for Sanctions Pursuant to Rule 11 of the Federal Rules of Civil Procedure and Supporting Memorandum of Law (Doc. 52), filed September 18, 2014;

6. Plaintiff's Response to Defendant Robinson Aviation (RVA), Inc.'s Motion for Partial Judgment on the Pleadings Pursuant to Rule 12(c) and, in the Alternative, Motion to Dismiss Pursuant to Rule 12(b)(6) on Plaintiff's Claim on Behalf of the Surviving Mother and Memorandum of Legal Authority in Support (Doc. 53), filed October 3, 2014;

7. Plaintiff's Response to Defendant Robinson Aviation (RVA), Inc.'s Motion for Sanctions Pursuant to Rule 11 of the Federal Rules of Civil Procedure and Supporting Memorandum of Law (Doc. 55), filed October 6, 2014;

8. Defendant Robinson Aviation (RVA), Inc.'s Motion to Enforce Settlement Agreement Reached at Mediation and Supporting Memorandum of Legal Authority (Doc. 58), filed October 8, 2014;

9. Defendant Robinson Aviation (RVA), Inc.'s Amended Motion to Enforce Settlement Agreement Reached at Mediation and Supporting Memorandum of Legal Authority (Doc. 59), filed October 9, 2014; and

10. Plaintiff's Response to Defendant Robinson Aviation (RVA), Inc.'s Amended Motion to Enforce Settlement Agreement Reached at Mediation and Supporting Memorandum of Law (Doc. 62), filed October 30, 2014.

## I.    BACKGROUND

### A.    Facts[1]

This lawsuit arises out of a pre-suit settlement agreement which attempted to resolve claims related to a tragic airplane crash that resulted in the death of Justin Lee Gaines (the "Decedent").  On February 29, 2012, the Decedent was a passenger on an aircraft approaching the Melbourne, Florida International Airport.   (Doc. 15, ¶ 4). Defendant, Robinson Aviation, Inc. ("RVA"), operated the airport control tower by contract with the Federal Aviation Administration.  (*Id.* ¶ 5).   While the aircraft was landing at Melbourne International Airport, it crashed.  (*Id.* ¶ 7).   The Decedent died as a result. (*Id.*).

On December 11, 2012, Joshua Gaines ("Plaintiff") was appointed as personal representative for the Decedent's estate.  (Doc. 28, ¶ 5).  On September 11, 2013, RVA alleges that it entered into a binding and enforceable settlement agreement with the Decedent's estate which resolved all claims related to the Decedent's death.  (*Id.* ¶ 6).  In furtherance of this settlement, RVA states that Gaines tendered a unilaterally drafted and executed release to RVA on September 30, 2013.  (*Id.* ¶ 7).

### B.    Procedural History

Plaintiff, as personal representative for the Decedent's estate, initiated this lawsuit on February 25, 2014 by filing a complaint in the circuit court for the Eighteenth Judicial

---

1.  This account of the facts is taken from Plaintiff's Amended Complaint (Doc. 15) and Defendant's Counterclaims (Doc. 28, pp. 6–11), the allegations of which the Court must accept as true in considering the parties' respective motions to dismiss. *See Linder v. Portocarrero*, 963 F.2d 332, 334 (11th Cir. 1992); *Quality Foods de Centro Am., S.A. v. Latin Am. Agribusiness Dev. Corp. S.A.*, 711 F.2d 989, 994 (11th Cir. 1983).

Circuit in and for Brevard County, Florida.  (Doc. 2).  On March 11, 2014, RVA removed the action to this Court based on diversity jurisdiction.  (Doc. 1).  On April 7, 2014, Plaintiff filed an Amended Complaint, which remains Plaintiff's operative pleading in this case. (Doc. 15).  In the Amended Complaint, Plaintiff alleges two claims for relief.  Count 1 alleges a claim for negligence arising under the Florida Wrongful Death Act.  (*Id.* ¶¶ 1– 10).  Count 2 alleges a claim for breach of the pre-suit settlement agreement that the parties allegedly entered into prior to Plaintiff's filing of the instant lawsuit.[2]  (*Id.* ¶¶ 11– 16).

On May 19, 2014, RVA countersued.  (Doc. 28).  Counterclaim 1 alleges a claim for indemnification.  (*Id.* ¶¶ 11–18).  Counterclaim 2 alleges a claim for breach of contract. (*Id.* ¶¶ 19–27).  Counterclaim 3 alleges a claim for specific performance of the same pre-suit settlement agreement alleged in Count 2 of Plaintiff's Amended Complaint.[3]  (*Id.* ¶¶ 28–35).

## II.    DISCUSSION

### A.    Plaintiff's Motion to Dismiss Counterclaims

Plaintiff moves to dismiss RVA's counterclaims under Federal Rule of Civil Procedure 12(b)(6) for failing to state claims upon which relief can be granted.  (Doc. 30). Courts evaluate motions to dismiss counterclaims under the same standards as a motion to dismiss a complaint.  *See Burger King Corp. v. Holder*, 844 F. Supp. 1528, 1529 (S.D.

2. Although Plaintiff labels Count 2 as a claim to enforce a pre-suit settlement agreement, specific performance is a remedy to a breach of contract claim, not a claim for relief in and of itself.  As such, Count 2 is more properly construed as a claim for breach of contract.
3. For the same reasons stated in footnote 2, the Court construes RVA's third counterclaim as a claim for breach of contract.

Fla. 1993).  In order to survive a Rule 12(b)(6) motion to dismiss, the complaint must "state a claim to relief that is plausible on its face."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007).  District courts must accept all well-pleaded allegations within the complaint as true.  *Id.* at 555.  An allegation is well-pleaded when the plaintiff alleges sufficient factual allegations to "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  Mere legal conclusions or recitation of the elements of a claim are not enough. *Twombly*, 550 U.S. at 555.  Courts must view the complaint in the light most favorable to the plaintiff and must resolve any doubts as to the sufficiency of the complaint in the plaintiff's favor.  *Hunnings v. Texaco, Inc.*, 29 F.3d 1480, 1483 (11th Cir. 1994).

Plaintiff moves to dismiss all three of RVA's counterclaims for failing to state claims upon which relief can be granted.  (Doc. 30).  Plaintiff essentially asserts that all three counterclaims fail to state claims for relief because RVA has failed to attach a copy of the contract at issue or to include the relevant portions of that contract within its counterclaims.  (*Id.* at pp. 5–9).  As such, Plaintiff contends that the settlement agreement, or the relevant provisions which RVA intends to enforce, do not exist.  (*Id.* at p. 10). Plaintiff additionally attacks RVA's indemnification claim on the grounds that a defendant cannot assert indemnification against a plaintiff; indemnification necessarily requires a third party.  (*Id.* at pp. 4–6).

RVA responds in opposition by stating that the settlement agreement at issue in its counterclaims contains a confidentiality provision that prohibits RVA from filing it with the Court.  (Doc. 33, pp. 3–4).  Further, RVA states that the settlement agreement is in fact the same settlement agreement which Plaintiff is trying to enforce in his Amended

Complaint; any assertion by Plaintiff that he does not know what settlement agreement or what provisions to which RVA's counterclaims refer is disingenuous. (*Id.* at p. 4).

### 1.   Counterclaim 2: Breach of Contract

The Court first addresses Counterclaim 2—RVA's claim for breach of contract.  In order to state a claim for breach of contract in Florida, a claimant must establish three elements: (1) the existence of a valid contract, (2) a material breach, and (3) damages resulting from the breach. *Rollins, Inc. v. Butland*, 951 So. 2d 860, 876 (Fla. Dist. Ct. App. 2006).  A complaint need not allege an offer, acceptance, consideration, or a meeting of the minds but may instead generally allege the existence of a valid contract. *See Friedman v. N.Y. Life Ins. Co.*, 985 So. 2d 56, 58 (Fla. Dist. Ct. App. 2008).

Here, RVA alleges that Plaintiff and RVA entered into a valid settlement agreement that resolved all claims arising out of Decedent's death. (Doc. 28, ¶¶ 6, 25).  RVA further alleges that Plaintiff breached this settlement agreement by initiating the instant lawsuit. (*Id.* ¶¶ 7–8, 27).  Finally, RVA alleges that it has incurred damages as a result of Plaintiff's breach, including attorney's fees to enforce the terms of the settlement agreement. (*Id.* ¶ 10).  Since the Court must accept RVA's allegations as true, RVA has stated a proper claim for breach of contract. *Twombly*, 550 U.S. at 555.

Plaintiff's assertion that RVA's counterclaim must be dismissed because RVA failed to attach a copy of the settlement agreement or the relevant portions thereof is misplaced.  Although the Florida Rules of Civil Procedure require a plaintiff to attach the contract at issue or to incorporate the disputed provisions within his complaint, the Federal Rules of Civil Procedure have no such requirement. *AGSC Marine Ins. Co. v. Spectrum Underground, Inc.*, No. 8:12-cv-474-T-30TGW, 2012 WL 2087441, at *2 (M.D.

Fla. June 8, 2012).

### 2.    Counterclaim 3: Specific Performance

Having found that RVA has stated a claim for breach of contract in Counterclaim 2, the Court turns to Counterclaim 3—titled "Action for Specific Performance."  As noted earlier, the Court construes Counterclaim 3 as a claim for breach of contract, as specific performance is not a claim for relief, but a remedy.  Therefore, the question presented to the Court is whether Counterclaim 3 should be dismissed for failing to state a claim for breach of contract.

RVA alleges that Plaintiff and RVA entered into a valid settlement agreement that resolved all claims arising out of the Decedent's death.  (Doc. 28, ¶¶ 6, 29).  RVA also alleges that Plaintiff breached this agreement by initiating this lawsuit.  (*Id.* ¶¶ 7–8).  Finally, RVA alleges it has suffered damages as a result of Plaintiff's breach.  (*Id.* ¶¶ 10, 33).  Accordingly, RVA has stated a claim for breach of contract.  *Rollins,* 951 So. 2d at 876.  For the same reasons stated above, the failure to include the disputed provisions of the settlement agreement within Counterclaim 3 is not fatal to RVA's claim.[4]

### 3.    Counterclaim 1: Indemnification

Finally, the Court addresses Counterclaim 1, RVA's claim for indemnification.  In Florida, the right of indemnification may arise from either an express or implied contractual relationship or by the existence and violation of a duty, as between two

---

4. To the extent Counterclaim 3 may be duplicative or redundant of Counterclaim 2, the Court declines to exercise the "drastic remedy" of striking either. *Jackson v. Grupo Indus. Hotelero, S.A.*, No. 07-22046-CIV, 2008 WL 4648999, at *14 (S.D. Fla. Oct. 20, 2008) (internal quotation marks omitted).  Duplicative counterclaims for breach of contract do not expose Plaintiff to any greater liability or otherwise prejudice Plaintiff in his defense of this action.

tortfeasors.  *First Church of Christ Scientist v. City of St. Petersburg*, 344 So. 2d 1302, 1304 (Fla. Dist. Ct. App. 1977).  In order to state a claim for indemnification, RVA must establish three elements: (1) RVA is wholly without fault, (2) the party from whom RVA seeks indemnity is at fault, and (3) RVA is liable to Plaintiff only because he is vicariously, constructively, derivatively, or technically liable for the wrongful acts of the party from whom RVA seeks indemnity.  *Fla. Farm Bureau Gen. Ins. Co. v. Ins. Co. of N. Am.*, 763 So. 2d 429, 435 (Fla. Dist. Ct. App. 2000).

Ordinarily, a claim for indemnification consists of a promisor agreeing to protect a promisee against loss caused by a third party.  Plaintiff therefore moves to dismiss RVA's indemnification claim for the reason that RVA does not identify any third party who has caused a loss to RVA that Plaintiff is required to indemnify.  (Doc. 30, pp. 4–7).  RVA responds that it is possible for an indemnification agreement to contemplate the promisor agreeing to protect the promisee against loss caused by the promisee's own actions.  (Doc. 33, p. 5).  As such, RVA posits that a third party is not always required to state a proper claim for indemnification and that, depending on the terms of the indemnification agreement, an indemnification claim between only two parties may be actionable.  (*Id.*).

The overwhelming majority of Florida courts and federal courts applying Florida law hold that a third party is required to state a claim for indemnification.  *See, e.g.*, *Foley v. Luster*, 249 F.3d 1281, 1288 (11th Cir. 2001); *Sorvillo v. Ace Hardware Corp.*, No. 2:13-cv-629-FtM-29DNF, 2014 WL 2506138, at *2 (M.D. Fla. June 3, 2014); *Acosta v. United Rentals (N. Am.), Inc.*, No. 8:12-CV-01530-EAK-TGW, 2013 WL 869520, at *3 (M.D. Fla. Mar. 7, 2013); *ProteoTech, Inc. v. Unicity Int'l, Inc.*, 547 F. Supp. 2d 1174, 1180 (W.D. Wash. 2008) (applying Florida law); *Fla. State Bd. of Admin. v. Law Engineering & Envtl.*

*Servs., Inc.*, 262 F. Supp. 2d 1004, 1020 (D. Minn. 2003) (applying Florida law); *Dade Cnty. Sch. Bd. v. Radio Station WQBA*, 731 So. 2d 638, 643 (Fla. 1999); *Claire's Boutiques, Inc. v. Locastro*, 85 So. 3d 1192, 1198 (Fla. Dist. Ct. App. 2012).

There is authority to support RVA's proposition that it is possible to state a "two-party" indemnification claim in Florida. However, these cases are limited to circumstances where the parties' indemnification agreement acts more as an exculpatory provision. In *Cox Cable Corp. v. Gulf Power Co.*, the Florida Supreme Court addressed an agreement where the promisor agreed to indemnify the promisee for the promisee's own wrongful acts. 591 So. 2d 627, 629 (Fla. 1992). The Court ultimately refused to enforce the indemnification agreement because it could not be said that the promisor expressed in "clear and unequivocal terms" its intent to indemnify the promisee for its own wrongful acts. *Id.* The Court further emphasized that such indemnification agreements are disfavored and will only be enforced where the promisor knows exactly what he is contracting away. *Id.*; *see also Kitchens of the Oceans, Inc. v. McGladrey & Pullen, LLP*, 832 So. 2d 270, 272–73 (Fla. Dist. Ct. App. 2002) (declining to enforce provision attempting to indemnify party for its own negligence).

RVA argues that it is possible for the indemnification provision within the parties' settlement agreement to be construed as an exculpatory clause. (Doc. 33, p. 5). However, RVA must demonstrate more than mere possibility to survive a motion to dismiss; RVA must plead sufficient factual allegations to allow the Court "to draw the reasonable inference" that the parties' indemnification agreement is the type of indemnification agreement envisioned by Florida law to be enforced without requiring a third party. *Iqbal*, 556 U.S. at 678. Here, RVA relies exclusively on the legal conclusion

that Plaintiff is required by the terms of the settlement agreement to indemnify RVA for any loss caused by RVA.  (Doc. 28, ¶ 18).  RVA does not allege the terms of the parties' indemnification agreement and does not submit the settlement agreement at issue to support its position.  Given the vast majority of Florida and federal courts following the rule that a claim for indemnification requires a third party, the Court is unable to reasonably infer from RVA's limited factual allegations that the indemnification provision at issue here falls within a speculative, narrow exception to that rule.  Accordingly, RVA has failed to state a claim for indemnification and Counterclaim 1 must be dismissed without prejudice.

In its response to Plaintiff's motion to dismiss, RVA anticipates the possibility that the Court would dismiss RVA's counterclaim for indemnification.  To that end, RVA requests leave to file a third party complaint in order to pursue indemnification against certain non-parties.  (Doc. 33, p. 6).  The Court will grant RVA the opportunity to pursue those claims.

**B.    RVA's Motion for Partial Judgment on the Pleadings and Alternative Motion to Dismiss**

Federal Rule of Civil Procedure 12 allows a party to move for judgment on the pleadings after the pleadings have closed.  Fed. R. Civ. P. 12(c).  "Judgment on the pleadings is appropriate when there are no material facts in dispute, and judgment may be rendered by considering the substance of the pleadings and any judicially noticed facts."  *Medicomp, Inc. v. United Healthcare Ins. Co.*, 562 F. App'x 754, 756 (11th Cir. 2014) (quoting *Hawthorne v. Mac Adjustment, Inc.*, 140 F.3d 1367, 1370 (11th Cir. 1998)) (internal quotation marks omitted).  When considering a motion for judgment on the

pleadings, district courts must accept all allegations within the complaint as true and must view those allegations in the light most favorable to the non-moving party. *Id.* Judgment on the pleadings should not be rendered "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Slagle v. ITT Hartford*, 102 F.3d 494, 497 (11th Cir. 1996) (internal quotation marks omitted).

RVA moves for partial judgment on the pleadings as to any claim which may be asserted by the Decedent's surviving mother. (Doc. 50, pp. 2–3). Specifically, RVA contends that Plaintiff has admitted that the Decedent's surviving mother has incurred no damages as a result of her son's death. (*Id.* at p. 3). Without damages, RVA concludes that the Decedent's surviving mother cannot possibly succeed on the merits of the alleged wrongful death negligence claim. (*Id.*). Plaintiff disagrees, asserting that there is a dispute as to whether the Decedent's surviving mother is entitled to damages. (Doc. 53). Plaintiff points to RVA's answer, in which RVA denies that the Decedent's surviving mother is not entitled to damages. (*Id.* at pp. 2–3).

It is the responsibility of the personal representative of a decedent's estate "to recover damages sustained by both the survivors and the estate." *Scott v. Estate of Myers*, 871 So. 2d 947, 948 (Fla. Dist. Ct. App. 2004). The Florida Wrongful Death Act provides the method for recovering these damages, affording a cause of action to a decedent's survivors and to his estate against any person who is liable for the decedent's death. Fla. Stat. § 768.19. Importantly, when suing under the Wrongful Death Act, "[a]ll potential beneficiaries of a recovery for wrongful death, including the decedent's estate, shall be identified in the complaint, and their relationships to the decedent shall be alleged." *Id.* § 768.21.

Here, Plaintiff sues on behalf of both the Decedent's estate and the Decedent's survivors.   Regarding the Decedent's survivors, Plaintiff identifies the Decedent's surviving father and the Decedent's surviving mother in the Amended Complaint. (Doc. 15, ¶ 9).  If successful on his claims, Plaintiff would therefore be entitled to recover statutorily enumerated damages suffered by the Decedent's estate, the Decedent's surviving mother, and the Decedent's surviving father.

Assuming, *arguendo*, RVA is correct that the Decedent's surviving mother has suffered no damages as a result of the Decedent's death, judgment on the pleadings would be inappropriate.  The Decedent's surviving mother is not a party to this lawsuit. In the context of this wrongful death action, the Decedent's surviving mother constitutes a source of damages, not an entity for or against whom judgment may be entered. Because the Decedent's surviving mother is not the only source of damages in this case and RVA has failed to demonstrate that both the Decedent's estate and the Decedent's surviving father are not entitled to damages, the issue of damages remains in dispute. Accordingly, the Court cannot say "beyond doubt" that no set of facts can be proved that would entitle Plaintiff to the relief he seeks and RVA's motion for partial judgment on the pleadings must be denied.

To the extent RVA requests a finding from the Court at this stage of the proceedings that the Decedent's surviving mother is not entitled to damages, it appears from the pleadings that the parties dispute the issue.  Plaintiff alleges in the Amended Complaint, "Upon information and belief, Decedent's mother . . . is not entitled to mental pain and suffering damages or any other damages."  (Doc. 15, ¶ 10).  Despite Plaintiff's apparent admission that the Decedent's surviving mother is not entitled to damages, RVA

denies this allegation.  (Doc. 28, ¶ 10).  Moreover, Plaintiff also alleges that he has been appointed as the personal representative of the Decedent's estate and brings this lawsuit to recover damages for the Decedent's survivors (which, by statute, includes the Decedent's surviving mother),[5] only leading to further confusion on this issue.  (Doc. 15, ¶ 2).  Given the parties' inconsistencies in their respective pleadings, any doubt on the question of the surviving mother's entitlement to damages is resolved in favor of Plaintiff as the non-moving party.  *Medicomp*, 562 F. App'x at 756.

In the alternative, RVA moves to dismiss the Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) for failing to state a claim upon which relief can be granted.  (Doc. 50, pp. 3–5).  However, a motion asserting any of the defenses provided by Rule 12(b) "must be made before pleading if a responsive pleading is allowed."  Fed. R. Civ. P. 12(b); *see also Fla. Bus. Brokers Ass'n, Inc. v. Williams*, No. 2:09-cv-145-FtM-29SPC, 2010 WL 1539962, at *2 (M.D. Fla. Apr. 19, 2010) (denying motion to dismiss for failure to state a claim as untimely where movant had already answered).  RVA answered the Amended Complaint on May 19, 2014, prior to the filing of the instant motion to dismiss.  (Doc. 28).  Consequently, RVA has waived its right to assert its defenses by Rule 12(b) motion.  RVA's alternative motion to dismiss is therefore denied.

### C.    RVA's Amended Motion to Enforce Settlement Agreement

Next, RVA moves the Court to enforce the settlement agreement allegedly reached between the parties at their pre-suit mediation.  (Doc. 59).  RVA essentially requests the

---

5.  Fla. Stat. § 768.18(1).

Court to adjudicate the merits of Plaintiff's claims and RVA's counterclaims. As such, RVA's motion is an improper attempt at summary judgment. RVA's motion will be denied with leave for RVA to renew its arguments, if appropriate, by way of motion for summary judgment.

### D. RVA's Motion for Sanctions

Lastly, RVA moves for sanctions pursuant to Federal Rule of Civil Procedure 11. Rule 11(c) allows a court to sanction any party who initiates a lawsuit that has no substantial basis in law or fact or is otherwise frivolous. *Peer v. Lewis*, 606 F.3d 1306, 1311 (11th Cir. 2010). In determining whether conduct warrants sanctioning under Rule 11, the court must ask: "(1) whether the party's claims are objectively frivolous, and (2) whether the person who signed the pleadings should have been aware that they were frivolous." *Id.* (quoting *Byrne v. Nezhat*, 261 F.3d 1075, 1105 (11th Cir. 2001)) (internal quotation marks omitted). However, the court is to "avoid using the wisdom of hindsight" and must only consider the party's conduct at the time the claim was made. *Id.* (quoting Fed. R. Civ. P. 11 advisory committee note).

RVA contends that Plaintiff's claims as embodied within the Amended Complaint are objectively frivolous and lack any basis in law or fact. (Doc. 52). RVA asserts that the parties resolved all disputes giving rise to this lawsuit in a global pre-suit settlement agreement and that Plaintiff released RVA from liability for any claims related to the circumstances of the Decedent's death in that settlement agreement. (*Id.* at pp. 5–11).

Unsurprisingly, Plaintiff responds by stating that this lawsuit is meritorious and that the allegations of the Amended Complaint are indeed founded in law and fact. (Doc. 55). As to the global pre-suit settlement, Plaintiff paints a picture of an agreement to agree;

14

while the parties may have initially reached certain acceptable terms and conditions of settlement, they never executed a binding and enforceable settlement agreement. (*Id.* at pp. 2–3). Instead, Plaintiff reveals a timeline of communications between RVA and himself where they attempt to hammer out specific terms to be incorporated within a global settlement agreement and release and exchange a number of proposed drafts. (*Id.* at pp. 10–13). As to the final draft submitted by Plaintiff to RVA, Plaintiff states that RVA rejected the settlement. (Doc. 55-1). With settlement unsure, Plaintiff further emphasizes the necessity of filing this lawsuit in light of the applicable two year statute of limitations. (Doc. 55, p. 13).

Regardless of which side of the story the Court is to believe at this time, neither party has attached any document to their pleadings or to the instant motion for sanctions representing a global settlement agreement of the claims at issue in this case or a release of liability for the same. RVA has also submitted no other evidence that would indicate Plaintiff's claims are without merit. The parties clearly disagree as to whether an enforceable settlement agreement exists and, if so, what the terms of that settlement agreement entail. Disagreement over liability hardly justifies sanctions. RVA's motion is denied.[6]

---

6. The Court feels compelled to remind the parties that "Rule 11 is not a toy." *Draper & Kramer, Inc. v. Baskin-Robbins, Inc.*, 690 F. Supp. 728, 732 (N.D. Ill. 1988). Unfounded accusations of professional misconduct are as serious and as worthy of sanctioning as the misconduct alleged. *Id.* Upon review of the instant record, it is apparent to the Court that the parties' claims are hotly contested. However, counsel should not confuse accusations of misconduct for zealous advocacy of their clients' positions. All counsel appearing before this Court are urged to deeply consider the implications of invoking Rule 11 before doing so.

III.    **CONCLUSION**

For the aforementioned reasons, it is **ORDERED AND ADJUDGED** as follows:

1.  Plaintiff's Motion to Dismiss Counterclaim for Failure to State a Claim for Which Relief Can be Granted and Supporting Memorandum of Legal Authority (Doc. 30) is **GRANTED IN PART** and **DENIED IN PART** as follows:

    a.  Plaintiff's motion to dismiss is **GRANTED** as to Counterclaim 1. Counterclaim 1 is **DISMISSED WITHOUT PREJUDICE**.

    b.  Plaintiff's motion to dismiss is **DENIED** as to Counterclaims 2 and 3.

    c.  Defendant may file an amended counterclaim within **fourteen (14) days** of this Order to re-allege its claim for indemnification, if appropriate.

2.  Defendant is granted leave to file a third-party complaint in this action.  If Defendant chooses to file a third-party complaint, Defendant must file its third-party complaint within **fourteen (14) days** of this Order.

3.  Defendant Robinson Aviation (RVA), Inc.'s Motion for Partial Judgment on the Pleadings Pursuant to Rule 12(c) and, in the Alternative, Motion to Dismiss Pursuant to Rule 12(b)(6) on Plaintiff's Claim on Behalf of the Surviving Mother and Memorandum of Legal Authority in Support (Doc. 50) is **DENIED**.

4.  Defendant Robinson Aviation (RVA), Inc.'s Motion for Sanctions Pursuant to Rule 11 of the Federal Rules of Civil Procedure and Supporting Memorandum of Law (Doc. 52) is **DENIED**.

5. Defendant Robinson Aviation (RVA), Inc.'s Amended Motion to Enforce Settlement Agreement Reached at Mediation and Supporting Memorandum of Legal Authority (Doc. 59) is **DENIED**.

6. Defendant Robinson Aviation (RVA), Inc.'s Motion to Enforce Settlement Agreement Reached at Mediation and Supporting Memorandum of Legal Authority (Doc. 58) is **DENIED AS MOOT**.

7. Defendant Robinson Aviation (RVA), Inc.'s Motion for Leave to Reply to Plaintiff's Response to Defendant's Amended Motion to Enforce Settlement Agreement Reached at Mediation (Doc. 63) is **DENIED AS MOOT**.

**DONE AND ORDERED** in Orlando, Florida on December 4, 2014.

PAUL G. BYRON
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel of Record

17